Nash, C. J.
 

 The bill cannot be sustained in its present form. It is filed by Peter May, as the administrator with the will annexed, of Reading Anderson,-and part, of the prayer is,
 
 “
 
 that the
 
 “
 
 defendants may account with the plaintiff for the assets of the
 
 “
 
 deceased in their hands,” and another prayer is that the defendants may account
 
 “
 
 for the effects belonging to
 
 your orator “
 
 deposited in their hands by the deceased.” Here are two distinct and independent causes of action united. One, to call in and collect the assets of the deceased, and the other, to follow the effects of the plaintiff, effects due to him individually and in his own right. At law, an executor or administrator cannot join a count for a debt due to him individually, with one in his representative capacity. Neither can they be joined in Equity. Adams’
 
 Equity,
 
 2nd edition 567.
 
 Davon
 
 v.
 
 Tanning,
 
 4th Johns. Ch. R. 199.
 
 Bedsole
 
 v.
 
 Monroe,
 
 5th Ire. Eq. 315. And the reason assigned is, that different decrees and proceedings might be required ; for convenience therefore, the joinder will not be permitted. For this cause the defendants might have demurred. Waiving however this objection, the case has been put in the argument before us, upon thd second ground. The bill in the stating part, alleges that the deceased Reading Anderson was the agent of the plaintiff to carry on the business of selling groceries, and that the plaintiff furnished all the capital. It then states
 
 *198
 

 “
 
 that' he (the plaintiff) was the owner of a tract of land, which
 
 “
 
 he authorised the deceased to sell, which he did to one McKor- “ Ide, and took in payment the bond of Joseph Blair with the
 
 “
 
 endorsement of McKorkle, and which he, Anderson, endorsed
 
 cc
 
 and delivered to the defendant Mrs. Paul.” The bill claims this bond as belonging to the plaintiff individually, upon the ground that the land was his. Upon this ground alone the case has been argued before us. Waiving all remarks upon the suspicious nature of the whole connection between Anderson and the plaintiff in this'business, and looking upon the bill
 
 pro hac-vice
 
 as filed by Peter May to follow this bond into the hands of Mrs. Paul and her husband Mr. Paul, has the plaintiff entitled himself to a decree? We think not. -It is a general principle in Equity, that all persons interested in the subject matte)’ in dispute must be made parties. The bond was by McKorkle, the obligee, endorsed to Anderson, and by him endorsed to Mrs. Paul. By these several endorsements the legal title to the instrument is in the defendant Mr. Paul. In calling him to account for it, his assignor is a necessary party, because the defendant Paul would be entitled to redress out of him. The reason of the general rule above stated is, that a Court of Equity seeks to arrange by one suit all the claims arising out of the same transaction between the parties interested. The defendants then are entitled to have the representative of .Reading Anderson before the Court, in order that their respective rights and interests growing out of the transaction may be settled. Another reason is, that the estate of Anderson is primarily answerable, and the defendant’s secondarily If the representative of Anderson was properly before the Court and the plaintiff entitled to a decree, the decree would be that it should be discharged in the first place out of his, estate, and if there were no assets, or not sufficient, then by the defendant Paul.
 
 Powell
 
 v. Mathis, 4 Ire. Eq. 84;
 
 Murphy
 
 v. Moore,
 
 Ib.
 
 118;
 
 Hoyle
 
 v.
 
 Moore, Ib.
 
 175. It is objected on the part of the plaintiff May, that he is the representative of Anderson, and that he could not make himself a defendant. But who has placed him in that position ? It was his own voluntary act, and he must abide the consequence.
 

 It is no sufficient answer to the objection for the want of parties,
 
 *199
 
 that one interested is dead, and there is no personal representative ; it is the duty of those seeking relief by bill in Equity in a matter in which the deceased person is interested, to procure a representative, and it can therefore be no answer for the plaintiff that he is the representative. Martin
 
 v. McBride,
 
 3 Ire. Eq. 531. Further,hehas not averred a want of assets. On the contrary, an inventory has been filed as an exhibit, showing that he has in his hands, of the. deceased Anderson’s effects, more than tire amount of his claims, and out of which he has a'right of detainer.
 

 The truth is, the bill is so singularly constructed that no relief can be had under it. • /
 

 Per Curiam. Bill dismissed with costs.