GERTRUDE FRIED AND JACOB FRIED, HER HUSBAND;
 IDA FENSTERWALD, SAMUEL WANT, JACOB
 FRIED, JOSEPH FENSTERWALD, AND JULIUS
 B. FENSTERWALD, CO-PARTNERS, TRADING AS
 BURK, FRIED & COMPANY,

*vs.*

SELMA BURK, EXECUTRIX OF CHARLES BURK, DECEASED,
 AND SELMA R. BURK, INDIVIDUALLY.

*Equity: pleading; misjoinder; parties in personal and repre-
 sentative capacities. Fraud: bill for relief from—;
 allegations must be specific.*

Two rights in direct conflict, as that of an individual and an
executor, can not be set up in the same bill.            p. 553

A bill seeking relief on the ground of fraud must distinctly
and specifically charge the fraud. It must state the specific
facts and circumstances constituting the fraud; and the facts
so stated must in themselves be sufficient to show that the con-
duct complained of was fraudulent.                       p. 554

Mere general allegations of fraud, without statement of the
specific acts complained of, will not avail.            p. 554

The defendant has the right to know in advance what he will
be required to answer.                                  p. 554

*Decided May 17th, 1916.*

Appeal from Circuit Court No. 2 of Baltimore City.
(HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Samuel Want* and *Vernon Cook,* for the appellants.

*Edward M. Mammond* (with whom were *N. Rufus Gill & Sons* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court No. 2 of Baltimore City overruling a demurrer to a bill in equity filed by the plaintiff on the 1st day of September, 1915, with leave to the defendants to answer within fifteen days from the date of the decree.

The prayer of the bill is, first, that a release dated December 18th, 1913, be set aside and declared null and void; second, that the defendants by decree be required to repay to the plaintiff the sum of twenty thousand dollars; third, that the defendants answer under oath; and, fourth, for general relief.

The plaintiff is the wife and niece of Charles Burk, deceased, and the bill is filed by her individually and as executrix under his will.

By the testator's will, after certain charitable bequests, he disposed of his property as follows:

"Sixth—To my wife, Selma Burk, I give, devise and bequeath the lot of ground and improvements thereon known as No. 1800 Linden avenue, in which I reside, together with all the contents thereof belonging to me at the time of my death.

"Seventh—I give and bequeath to my wife, Selma Burk, the sum of fifty thousand dollars ($50,000.00).

"Eighth—All the rest and residue of my estate and property, real, personal and mixed, wheresoever situate, I give, devise and bequeath unto my wife, Selma Burk, in trust, to hold and manage the said property for a period not exceeding five years, the purpose of

this trust being to enable my said trustee to gradually withdraw from the firm of Burk, Fried and Company such part of my estate as may be invested therein as capital without embarrassing or hindering the operations of the business of the said firm, and furthermore to sell and reduce to cash such real and leasehold property as may form part of my estate, without forcing the same upon the market. At the end of the said period of five years, or sooner if my said trustee shall have sooner withdrawn my share of the capital from the firm of Burk, Fried and Company, and disposed of the said real and leasehold property as aforesaid, I direct my said trustee to terminate the trust by disposing of the said rest and residue of my estate, together with any accumulated income or increment thereof, free and discharged of the trust as follows:

"(a) To Mary Berliner, sister of my deceased wife, I give and bequeath the sum of two thousand dollars ($2,000.00), if she be living at the time when my said trustee shall terminate the said trust and distribute the said estate. If the said Mary Berliner be already deceased at that time, then I direct that the said sum be paid to her husband, Emanuel Berliner, if he be living at that time. If the said Mary Berliner and the said Emanuel Berliner be both deceased at that time, then I direct that the said sum shall be paid to Samuel Berliner and Sadie Winternitz, wife of Charles Winternitz, they being the children of the above named Mary Berliner and Emanuel Berliner.

"(b) To the said Samuel Berliner and to the said Sadie Winternitz I give and bequeath to each of them the sum of two thousand dollars ($2,000.00).

"(c) All the rest and residue of my estate, whether the same or any part thereof shall have been changed by investment or not, I give, devise and bequeath, free and discharged of the trust, to the following named of my nieces and nephews: Julius B. and Ralph Fensterwald and to Jesse, Ralph, Charles and

Julian Rothschild and Gertrude Fensterwald, share and share alike. If any of my said nieces or nephews be deceased at the time when my said trustee shall terminate the said trust and distribute my said estate, then the share or respective shares of my said nieces or nephews so deceased are to go to the issue then living of the said niece or nephew; or if said niece or nephew be then deceased, leaving no issue, then said share is to be divided among the remaining nieces or nephews above named in this paragraph of my will and the issue of such deceased nieces or nephews, *per stirpes,* share and share alike."

The will consists of five typewritten pages, but as the remaining paragraphs or sections thereof are not material to the case they need not be further set out.

The defendants to the bill are: (1) Gertrude Fried, a niece of the decedent; (2) Jacob Fried, the husband of Gertrude; (3) Ida Fensterwald, a niece of the decedent; (4) Wm. B. Bamberger, the attorney for the plaintiffs in the transaction; (5) Samuel Want, attorney for claimants; and (6) Jacob Fried, Joseph Fensterwald and Julius B. Fensterwald, co-partners, trading as Burk, Fried & Company.

The release which is assailed and sought to be set aside and vacated is dated the 18th day of December, 1913, and executed by Gertrude Fried and Ida Fensterwald. It recites as follows:

"Whereas, we, the undersigned, have made certain claims against Mrs. Selma Burk and against the heirs-at-law of the late Charles Burk, as well as against the estate of the late Charles Burk; and

"Whereas, all of the said claims have been adjusted and satisfied; and

"Whereas, the consideration of the said adjustment is the payment to each of us of the sum of nine thousand dollars ($9,000.00), and to our counsel, Samuel Want, a fee for each of us in the amount of one thousand dollars ($1,000.00), the aggregate

amount being, therefore, twenty thousand dollars ($20,000.00).

"Now, therefore, witnesseth that in consideration of the premises and of the payment of the aforesaid sums, receipt whereof is hereby acknowledged, we hereby release and forever acquit Selma Burk, Julius B. Fensterwald, Ralph Fensterwald, Gertrude Fensterwald, Jesse Rothschild, Ralph Rothschild, Charles Rothschild, Julian Rothschild and Hanna Rothschild, and all other persons who may be interested in the estate of the late Charles Burk, and we do further release and forever acquit the said estate and all persons who may now or may hereafter administer the same as executors, administrators or otherwise from all liability of every character and description arising out of the distribution of the said estate, the purpose of this instrument being to completely release any interest or claims that we might have had, might have or may hereafter acquire, or claim in or against the estate of the late Charles Burk, or any claims that we may have against any of the persons above named, as heirs or legatees or any other persons who might be heirs-at-law of the late Charles Burk, or who might otherwise be interested in his estate, whether as legatees or otherwise. We do hereby further stipulate that in the event of this instrument being found inadequate in any particular to carry out the above expressed purpose we will, at our own expense, and without making any charge therefor, execute such further assurances as may be requisite.

"Witness our hands and seals this 18th day of December, nineteen hundred and thirteen.

"Gertrude Fried. (Seal)<br>"Ida Fensterwald. (Seal)

"Witness: Samuel Want."

The bill contains eight paragraphs and covers six pages of the record.

The object of the bill is to set aside and vacate the release in question upon the ground of fraud and coercion practiced upon the plaintiff by the defendants, by which she was induced to pay to two of the defendants and to Samuel Want, a defendant, the sum of twenty thousand dollars, and for other reasons alleged in the bill.

The defendants, Gertrude Fried and Jacob Fried, her husband; Ida Fensterwald, Jacob Fried, Joseph Fensterwald and Julius B. Fensterwald, co-partners, trading as Burk, Fried & Company, and Samuel Want, demurred to the bill, and twelve separate grounds of demurrer are assigned and set out in the record.

The demurrers were overruled by the Court below, and from its decree certain of the defendants have appealed.

It will not be necessary in the view we take of this case to consider all of the grounds relied upon by the appellants, because we are of opinion that the bill is defective for several reasons and was open to demurrer.

The bill, it will be seen, is filed by the plaintiff in two distinct capacities—one as executrix of the estate of her husband, and the other in her individual capacity, asserting rights on her own part as well as in her official capacity.

It has been distinctly held that the two rights are in direct conflict, and can not be set up in the same bill.

In *White* v. *Bigelow,* 154 Mass. 593, it is said that if the bill was to be construed as seeking to obtain the property, not only for the plaintiff's own benefit, but also as assets of his wife's estate, it was clearly bad and open to demurrer.

In *May, Admr., etc.,* v. *Smith et al.,* 45 N. C. 196, the Court said: Here are two distinct and independent causes of action united—one, to call in and collect the assets of the deceased, and the other to follow the effects of the plaintiff, effects due to him individually and in his own right. At law an executor or administrator can not join a count for a debt due to him individually with one in his representative capacity. Neither can they be joined in equity. And the

reason assigned is, that different decrees and proceedings. might be required and therefore the joinder will not be permitted, and the bill would be open to demurrer. *Adams,. Equity,* 567; *Davon* v. *Tanning,* 4 Johns. Ch. R. 199; *Bedsole* v. *Munroe,* 5 Ire. Eq. 315; *Bosley* v. *Phillips,* 3 Tenn.. Ch. 649; *Cassels* v. *Vernon,* Fed. Cases, 2503.

But the most serious objection and defect of the bill is its. want of definiteness and certainty in its allegations of fraud.. Apart from its allegations as to Bamberger, who is not a party to this appeal, there is but a general charge of fraud, and no allegation of any distinct and specific fact and circumstance amounting to fraud.

In 16 *Cyc.* 231, the rule as to pleading in this class of cases is stated to be and supported by authority. A bill seeking relief on the ground of fraud must distinctly and specifically charge the fraud. It must state the specific facts and circumstances constituting the fraud and the facts. so stated must be sufficient in themselves to show that the conduct complained of was fraudulent. General charges of fraud or that acts were fraudulently committed are of no avail, unaccompanied by statements of specific facts amounting to fraud; and, on the other hand, if there be sufficient facts stated to disclose fraud it is unnecessary to charge in express terms that the acts complained of were fraudulent.

The present case, we think, falls within the rules of equity pleading applied in the recent case of *Boyd* v. *Shirk,* 125 Md. 178, where we said, where a complainant seeks relief on the ground of fraud he must do more than make a general charge of fraud; he must state the facts which constitute the fraud, so that the person against whom relief is sought may have a full opportunity, not only to deny or explain the facts charged, but to disprove them. He has a right to know, in advance of being required to file an answer, just what he is compelled to meet. *Miller's Equity,* section 93; *Story's Equity Pl.* section 28; *Payne* v. *Payne,* 97 Md. 678; *Reeder* v. *Lanahan,* 111 Md. 372.

It is apparent, from an examination of the bill, that all of the material allegations relied upon as grounds for setting aside the release in question, eliminating Bamberger, and he is not appealing from the order, are but general charges of fraud, conspiracy, active and passive connivance, and false influence.

These allegations when tested by a demurrer are defective and insufficient, because they are too general and do not state the facts and the circumstances of the alleged fraud, and do not meet the requirements of good pleading, as stated by the authorities.

Apart from this, we think, the bill was demurrable for the misjoinder of defendants. Jacob Fried is sued as the husband of Gertrude Fried and also as a member of the firm of Burk, Fried & Co., and not in his personal capacity. It was also improper to have made the co-partnership of Burk, Fried & Co. parties to the proceedings. They are sued in their capacity as partners constituting the firm, and are not made parties defendant in their individual capacity.

For the reasons stated we shall reverse the decree of the Court below overruling the demurrers, but shall remand the case in order that the plaintiff, if she so elects, may have an opportunity to amend her bill in the Court below.

> *Decree reversed, cause remanded, as indicated above, the costs to abide the decision of the case.*