CHARLES W. PURNELL et al. *v.* MAYOR AND CITY COUNCIL OF OCEAN CITY, et al.

[No. 25, January Term, 1932.]

*Decided March 4th, 1932.*

The cause was argued before Bond, C. J., Urner, Adkins, Digges, Parke, and Sloan, JJ.

*L. Paul Ewell,* with whom was *Guy R. Ayres,* on the brief, for the appellants.

*Staton, Whaley & Price,* submitting on brief, by direction of the Court, for the Mayor and City Council of Ocean City, appellee.

*F. W. C. Webb,* with whom were *Carroll E. Bounds, William W. Travers,* and *Woodcock & Webb,* on the brief, for the Eastern Shore Public Service Company, appellee.

*Wm. Cabell Bruce,* for the Public Service Commission, appellee.

Adkins, J., delivered the opinion of the Court.

The bill of complaint in this case alleges that the plaintiffs are inhabitants, citizens, and taxpayers of the municipality of Ocean City, Worcester County, Md.; that by article 24 of the Public Local Laws of Worcester County, Md., Code of 1888, and by chapter 457 of the Acts of 1904, the inhabitants of said city were made and declared a body corporate by the name of the Mayor and City Council of Ocean City; also recites the several amendatory acts of the General Assembly of Maryland, including chapter 464 of the Acts of 1924, which, together with the said original acts, constitute its charter; that said municipality has for many years held and had control over its streets, alleys, and highways, and the easements and franchises thereof, for the use and benefit of its citizens and taxpayers, until on or about the third day of

April, 1930, when the mayor and city council by an ordinance "pretended to grant to the Eastern Shore Public Service Company of Maryland, its successors and assigns, permission to transmit, distribute and supply electric energy within and through the municipality of Ocean City, Maryland, and for that purpose to construct, operate and maintain poles, wires, lines, service, fixtures, appliances and appurtenances over, upon and under the present and future streets, alleys and highways of the said municipality"; that said ordinance "pretends to be a franchise * * * to the said The Eastern Shore Public Service Company of Maryland, and said company being a public utilities corporation applied to the Public Service Commission of Maryland for an order permitting and approving the exercise of said pretended franchise * * * which the said Public Service Commission approved by its order * * * on the 13th day of May, 1930 * * * "; that plain-, tiffs and other citizens of said municipality, except the mayor and members of the council, had no knowledge of said grant or of the approval of same by said commission until on or about October 1, 1930, although plaintiffs are now informed that the commission published a notice of said application in one of the newspapers published in said county before the approval of said application; that said franchise was granted without any consideration, "or if any consideration was given therefor it was grossly inadequate"; that said ordinance states that, "It appears to said Mayor and City Council of Ocean City that the interest of the public demands the granting thereof," but plaintiffs aver that the interests of the public did not demand the passing of said ordinance, but that on the contrary it was detrimental to its interest; that the passing of said ordinance is *ultra vires,* illegal, null, and void; that the streets, alleys, and highways of said city and the right to the use of the same belong to the citizens and taxpayers, and that said rights are valuable assets to plaintiffs and all other citizens and taxpayers of said city, and that to subject them to the incumbrance thereof by said franchise would cause plaintiffs and other citizens and taxpayers irreparable loss and injury, for which no adequate compensa-

tion could be made to them at law; that the powers conferred upon the said commission are of a regulatory nature only, that its order should be rescinded. The bill prays for a decree declaring the ordinance null and void; that the order passed by the commission be declared null and void, and that the commission be ordered to rescind it; that plaintiffs and other citizens and taxpayers of said city be protected by an order of court as to their rights to have the benefit of electric current in said city under such terms and conditions as the court may direct. The Mayor and City Council of Ocean City, the Eastern Shore Public Service Company of Maryland, and the individuals constituting the Public Service Commission of Maryland, are made defendants.

The several defendants demurred to the bill of complaint. The chancellor sustained the demurrers and dismissed the bill. This appeal is from that decree.

We have no doubt of the correctness of the ruling of the chancellor.

Section 1 of chapter 464 of the Acts of 1924 provided that the Mayor and City Council of Ocean City "shall have control and superintendence over the public property of the city, and the franchises and the easements of the public streets of said city shall be vested completely in them, with power to grant the same whenever to them the interest of the public shall demand."

The language of the act is clear, full, and explicit, and leaves no room for doubt that the legislature meant to confer and did confer upon the city the power to grant such franchises as that here complained of. The power conferred upon the city by the act was that of the State itself.

Again, section 178 of article 23 of the Code of Public General Laws authorizes and empowers any electric light or power corporation to furnish any city, town, or community with power and light, without any restriction as to time or other consideration, except that the corporation must first have obtained "the proper assent of the municipal authorities of said city or town, or of the county commissioners of said county under such reasonable and proper regulations and

conditions that may be prescribed by them.; subject, however, also to any law or ordinance that may be passed by the municipal authorities of the city or town, or of the county commissioners, having jurisdiction, for the filling up or restoring such streets or roads to their former condition," and, by section 390 of article 23, subject to the permission and approval of the Public Service Commission.

As to the alleged lack of adequate consideration, that complaint is disposed of by *Dulany v. United Railways Co.,* 104 Md. 423, 440, 65 A. 45, 49: "Whatever may be said of the expediency of the granting by the legislature of franchises in the streets of the city without requiring adequate compensation therefor to be paid to the municipality, there can be no doubt, in view of the decisions of this court, of the power of the legislature to make such grants.

In regard to the allegation of the bill that the interest of the public did not demand the passing of said ordinance, that was a question which the Legislature gave the municipality the right to determine, and, in the absence of fraud or abuse of discretion, neither of which is alleged, the court had no authority to review its determination. *Baltimore v. Williams,* 129 Md. 290, 296, 99 A. 362, and cases there cited.

The conclusion we have reached makes it unnecessary to discuss other questions raised in argument, except the motions to dismiss the appeal. These motions were based: (1) on the failure of plaintiffs to file their bill of complaint within sixty days after the entry or rendition of the order of the Public Service Commission, as provided by section 404 of article 23 of the Code; (2) the failure to enter an appeal from the decree of the chancellor "within twenty days," as provided by section 407 of said article.

As to the first, assuming, without deciding, that section 404 is applicable to such an order of the commission, it does not appear from the record that objection to the jurisdiction of the trial court was made in said court. As that court has jurisdiction of the subject-matter, and the defendants were summoned and submitted to the jurisdiction of the court, the objection cannot be considered here. Code, art. 5, sec. 41.

As to the second ground, section 407 seems to contemplate that the twenty days shall begin to run only "after service of a copy of the order or judgment." It does not appear from the record that a copy was served. We do not agree with the contention that, in the absence of such service, the appeal was premature. The provision for the service was for the benefit of a party desiring to appeal, and not a condition precedent to the right of appeal.

But there is a more substantial reason for refusing the motion. The real question raised by the appeal is the power of the city to grant the franchise. The appeal is from its action primarily. The approval of the commission was an incident merely, although a necessary incident. The commission had no power to grant the franchise. It was not necessary to appeal from its order, as its approval would be nugatory if the city lacked the power. If the appeal were dismissed as to the commission, it would not affect the real question involved.

The motion to dismiss the appeal is therefore overruled.

*Decree affirmed, with costs to appellees.*