SAMUEL A. HARTMAN ET AL. *v.* PUBLIC SERVICE COMMISSION

[No. 7, April Term, 1941.]

286

*Decided April 30th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS and FORSYTHE, JJ.

*J. Calvin Carney,* with whom was *Preston A. Pairo* on the briel, for the appellants.

*J. Purdon Wright* and *Henry H. Waters* and *Bernard U. Proser* submitted on (3) briefs for the appellee.

*Henry H. Waters*, for the Baltimore Transit Company, appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court of Baltimore City sustaining appellees' demurrers to appellants' amended bill of complaint without further leave to amend, and dismissing the amended bill. The only question before us is whether the allegations of the amended bill of complaint are good as against demurrer.

The proceeding originated in an application to the Public Service Commission of Maryland by appellants, who had operated taxicabs in Baltimore City, for a permit to operate a common carrier passenger motor bus service over a certain designated route upon the streets of Baltimore City. A protest was filed by the Baltimore Transit Company, a corporation already operating a passenger transportation system in Baltimore by street railway as well as by motor bus lines, and at a hearing before the Public Service Commission the Transit Company applied for a permit to extend its "S" Crosstown Bus Line from its present terminus at Edison Highway and Sinclair Lane to Eastern Avenue and Haven Street *via* the route proposed by appellant applicants, and also for a permit to operate a bus from a connection with the "S" Bus Line and No. 15 Car Line at the intersection of Belair Road and Erdman Avenue over a loop bounded by Belair Road, Mayfield and Mannasota Avenues, Parkside Drive, Brehm's Lane and Erdman Avenue. The hearing consumed five days before the Public Service Commission, and there is no suggestion that any of the parties were restricted in presenting evidence before the Commission to sustain their respective contentions. On June 11th, 1940, the Commission, in an opinion which on its face shows it had considered the matter impartially and with great care, analyzed the situation factually, and accordingly passed its order (1) refusing the permits sought by appellants, and (2) granting the application of the Baltimore Transit Company to extend its "S"

Crosstown Bus Line and to operate a feeder line from the "S" Crosstown Bus Line and the No. 15 Car Line as originally applied for. No rehearing was sought before the Commission under the provisions of Code, art. 23, sec. 359, but shortly thereafter appellants, by virtue of sections 359 and 415 of Code, article 23, filed their bill of complaint in the Circuit Court for Baltimore City seeking (a) to restrain and enjoin the Public Service Commission from putting into effect its order of June 11th; (b) to have said order declared to be unlawful, nugatory and void, and (c) to require the Public Service Commission to approve their applications for permits to operate motor vehicles for public use in transporting passengers for hire as originally made. The Merchants' and Manufacturers' Association of Highlandtown, Incorporated, was by the order of the chancellor permitted to intervene and make a party to the cause, whereupon the Transit Company answered the bill of complaint and the members of the Public Service Commission of Maryland and Merchants' and Manufacturers' Association of Highlandtown filed both answers and demurrers. Subsequently a transcript of the record made before the Public Service Commission was filed in the chancery proceeding, and on September 30th, the chancellor passed his order sustaining the demurrers, but granted leave to complainants to apply for leave to amend. Such application was made and granted, and the amended bill of complaint was filed October 5th, 1940.

To the amended bill of complaint the Public Service Commission and Merchants' and Manufacturers' Association of Highlandtown filed demurrers, while the Transit Company both answered and demurred. A hearing was had upon the demurrer, and while some of appellees in their briefs treated the chancellor's right to hear and decide the demurrers instead of deciding the matter on the entire record as one of the questions for us to consider, appellants make no point of this in their brief or oral argument, and in our opinion they could not well do so, in view of the fact that two of the appellees had not

filed answers to the amended bill, but had relied solely upon their demurrers thereto. This being the case, the chancellor, in order to hear them, necessarily at that time was required to consider the demurrers. Apart from this, the advantage of hearing the demurrers in the first instance and thereby testing the sufficiency of the amended bill is obvious, because if the amended bill is found defective on demurrers, what good could be served by a consideration of the voluminous record made before the Commission? *Public Service Commission v. Maryland Bay Co.,* 176 Md. 59, 3 A. 2nd 736; *Public Service Commission v. Byron,* 153 Md. 464, 138 A. 404; *Hendler Creamery Co. v. Lillich,* 152 Md. 190, 136 A. 631, 60 A. L. R. 207; *Purnell v. Ocean City,* 162 Md. 169, 159 A. 359; Code art. 16, sec. 185.

The allegations of the amended bill of complaint may be briefly summarized. They are in effect (a) that the plaintiff's are taxpayers of Baltimore City and financially able to assure the operation of the motor bus transportation line for which they had made application; that they are experienced operators of motor vehicles, because they have been operators of taxicabs in Baltimore City for a number of years; (b) that they had previously filed an application with the Public Service Commission for a permit to operate a passenger motor vehicle common carrier service in Baltimore City over a route therein described and according to a schedule therein set forth; (c) that at a hearing on their application before the Commission consuming five days, numerous witnesses testified that the service they proposed to render was sorely needed, and that such witnesses had been unable to induce the Transit Company over a period of years to furnish the service, and that according to the testimony of their witnesses such service would definitely serve the public welfare and convenience; (d) then follows a description of what in appellants' opinion shows or should have convinced the Commission that their application should have been granted, because it would save time in traveling from one section of the city to another, would

shorten the distance, and applicants were furnishing fares at one half the charge by others rendering similar service. The fifth paragraph recites the order of the Commission refusing the permit and alleges that no formal application had been made by the Transit Company to operate its service over the route for which the permit had been granted it, and no notice was sent to the parties involved as required by the rules of the Commission. The final paragraph alleges that the action of the Commission is contrary to law, arbitrary, contrary to public welfare and convenience, ignores public welfare and convenience and substitutes the convenience of the Baltimore Transit Company for public welfare and convenience and determines that the needs of the public must await the pleasure of the Transit Company.

Two arguments are advanced in support of the demurrer. The first is that the allegations of the amended bill of complaint fail to allege any facts to clothe the equity court with jurisdiction to disturb the findings of the Commission. The second argument is that appellants have not such an interest in the subject of the suit as entitles them to bring it either under sections 359 or 415, Code, article 23, in both of which sections a prerequisite to proceed in the courts to vacate the Commission's order is that the party attacking it have an "interest"; but that since appellants were not already engaged in the operation of a common carrier passenger motor bus service in the territory applied for they are not to be regarded as interested parties, inasmuch as their application was merely a request for authority to introduce competition and not one to maintain the efficiency of the service already in existence in adjacent territory.

Reference has heretofore been made to the allegations of the amended bill of complaint, and in their consideration this court must not be unmindful that we have no power to substitute our judgment for the judgment of the Commission, whose orders are *prima facie* correct, and to which body the Legislature had intrusted the duty and discretion of hearing and passing upon the permit

under consideration. The task necessarily involves a consideration of many elements, such as advisability, practicability, public necessity, convenience and benefit to the public as a whole. To justify us in holding the amended bill of complaint good as against demurrer, its allegations must clearly and satisfactorily allege facts from which it would follow that the order was unreasonable, and in this case it cannot, in our judgment, be held that the amended bill of complaint meets the necessary requirements. After all, its allegations seem to ‚be no more than to set forth that, at the hearing before the Commission, appellants and the Baltimore Transit Company both had applications to serve certain territory by passenger motor bus lines, and that the Commission, notwithstanding appellants' witnesses felt and testified that their permit should be granted, denied a permit to appellants, but did grant one to the Baltimore Transit Company. But necessarily the Commission had to refuse one or both permits and the mere fact that appellant's witnesses honestly felt that their plan was feasible would not bind the Commission to its acceptance, nor would it follow, because the Commission refused the permit, that its action was unreasonable, arbitrary or unjust. See *Public Service Commission v. Byron,* 153 Md. 464, 138 A. 404; *Public Service Commission v. Williams,* 167 Md. 316, 329, 173 A. 259; Article by Reuben Oppenheimer, Esquire, on *"Adminstrative Law in Maryland,"* 2 Maryland Law Review, April, 1938, No. 3; *Howard Sports Daily v. Public Service Commission,* 179 Md. 355, 18 A. 2nd 210, and authorities there cited.

With reference to the allegation in paragraph 5 that the commission granted the application of the Baltimore Transit Company for a permit, although no formal application had been made by that Company to operate its service in that territory and no notice had been sent the parties involved, as required by the rules of the Commission, it may be stated that the chancellor was not informed as to what rules of the Commission were relied upon by appellants to show an irregularity in granting

the permit to the Transit Company, because no certified copy of such rules accompanied the bill. *Miller's Equity Procedure*, par. 582; *Miller v. Baltimore County Marble Co.*, 52 Md. 642; *Morton v. Grafflin*, 68 Md. 545, 13 A. 341, 15 A. 298; *Maas v. Maas*, 165 Md. 342, 168 A. 607; *Central Savings Bank v. Baltimore*, 71 Md. 515, 18 A. 809, 20 A. 283.

However, apart from this, it appears undisputed that the parties interested were before the Commission in that particular proceeding, all had notice of what was transpiring and none of them could have been injured by the failure on the part of the Commission to give additional notice.

The allegations of the sixth paragraph to the effect that the order is contrary to law, arbitrary, contrary to public welfare and convenience, ignores public convenience, translates public welfare and convenience into the convenience of the Transit Company, determines that the needs of the public must wait the Transit Company's pleasure, have in our judgment no facts whatsoever to support them, and must therefore, be regarded as conclusions of the pleader. The demurrer in this case admitted only the truth of the well-pleaded allegations of the bill, but this does not include the admission of facts upon which such conclusions could rest. *Shew v. Oakmont Realty Co.*, 175 Md. 696, 2 A. 2nd 686; *Pritchard v. Myers*, 174 Md. 66, 197 A. 620; *Lamm v. Burrell*, 69 Md. 272, 14 A. 682; *Fried v. Burk*, 128 Md. 548, 97 A. 909; *Boyd v. Shirk*, 125 Md. 175, 93 A. 417; *Miller's Equity Procedure*, sec. 133.

Since in our judgment the well-pleaded allegations of the amended bill of complaint neither directly nor inferentially charge that the action of the Public Service Commission of Maryland in refusing the permit applied for by appellants and granting a permit to the Baltimore Transit Company was unfair, unreasonable, contrary to law or ignored public welfare and convenience, it follows that the chancellor's action in sustaining the demurrers thereto was correct and must be affirmed.

In view of this conclusion it becomes unnecessary to consider whether appellants have such an interest in the subject matter of the suit as entitles them to attack the Commission's order.

*Decree affirmed, with costs.*