GULF COAST WESTERN OIL CO., Inc., v. TRAPP.

No. 3484.

Circuit Court of Appeals, Tenth Circuit.

Aug. 21, 1947.

On Rehearing Dec. 17, 1947.

Hal Whitten and Joe Whitten, both of Oklahoma City, Okl., for appellant.

Ram Morrison, of Oklahoma City, Okl., for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This is another chapter in the long drawn out litigation involving the affairs of the appellant corporation, formerly the Farmers Mutual Royalty Syndicate. Farmers Mutual Royalty Syndicate was a corporation authorized to transact business in Oklahoma. Its corporate name was subsequently changed to Gulf Coast Western Oil Company, Inc., the appellant herein.[1]

Farmers Mutual instituted this action against G. T. Blankenship, Daisy O. Blankenship, his wife, M. E. Trapp, E. S. Hansberger, Lou Shepherd, National Bond & Mortgage Company, Royalty Holding Company, Oil Royalties, Inc., and Equal Royalty Company for an accounting. M. E. Trapp filed his motion to dismiss the second amended complaint for the reason that it failed to state facts sufficient to state a cause of action as to him. His motion was sustained and the action was dismissed as to him. This appeal challenges the correctness of that judgment.

The single question presented by this appeal is whether the second amended complaint stated facts sufficient to entitle plaintiff to go to trial. The second amended complaint is long and prolix. It covers approximately twenty-five pages in the printed record. The complaint generally alleged the following facts:

In 1929, G. T. Blankenship, E. H. Hansberger, Dean M. Stacy, and Bert Shepherd entered into a written contract for the organization of a mutual royalty company.

By a later contract, B. G. Barnett and Victor M. Locke, Jr., became members of that group. The plan set out in the contract was that the parties thereto were to purchase royalty interests for a company to be formed. Certificates of investment in the company to be formed were sold to the public. The funds realized from such sales were to be used in the purchase of royalty interests. When the company was organized, the certificate holders were to exchange their certificates for stock in the Company. These six members, known as the preorganization committee, were to receive as compensation for their services in the sales of these certificates, purchase of royalties, and for the organization of the company, one-half of its stock. It was agreed that prior to the incorporation of the company the business was to be transacted in the name of the National Bond and Mortgage Company, as trustee, for the benefit of the contracting parties. An extensive campaign was carried on by the preorganization committee for the sale of participating certificates, resulting in the receipt of approximately $778,936.92. The National Bond and Mortgage Company was set up to serve as trustee. It was to receive and hold all funds from the sale of certificates, as well as all properties acquired by the preorganization committee, for the benefit of the corporation to be formed.

The complaint alleged that at all times during the preorganization activities, National Bond was officered and controlled by the members of the preorganization committee. It also alleged, on information and belief, that large numbers of properties and cash were withheld from the Farmers Mutual by the members of the preorganization committee and by National Bond, the description of which was unknown to plaintiff. The complaint contained many charges of misconduct against the members of the preorganization committee which need not be specifically noted.

The charges against M. E. Trapp are contained in subparagraphs twelve to nine-

---

[1] As many of the transactions complained of were carried on in the name of Farmers Mutual Royalty Syndicate, reference will be made herein to appellant as Farmers Mutual.

teen, inclusive, and twenty-four and twenty-five of Paragraph II; Paragraph III, (d) and (e); and Paragraph IV; and Paragraph VI, (6) and (7).

The complaint alleged that this action was instituted as directed by the court in Case 461, Civil. Case 461 was a stockholder suit by stockholders of Farmers Mutual, filed in the federal court in Oklahoma, in 1940, against many of these same defendants for an accounting, based on the same general allegations contained in the complaint in this case. Blankenship and Trapp were not made parties defendant in that action.

Subparagraph (12) alleged that on August 21, 1931, Blankenship and Trapp purchased a one-sixteenth of the one-eighth royalty interest under 95.5 acres, known as the Tom Bell Tract, from L. W. Stiron and E. J. Koenig. That the full consideration for this purchase was taken from the funds of the Farmers Mutual. That on September 21, 1931, they deeded one-half of this interest to the Farmers Mutual and retained the other half for themselves, notwithstanding it was paid for with funds of the Farmers Mutual, and that they have failed to account to the corporation for the retained one-half interest. Similar charges, in substantially the same language, were contained in subparagraphs (13), (14), (16), (17), (18), and (19), differing only as to dates, descriptions of interest purchased, and the name of the individuals from whom the purchases were made.

Subparagraph (15) alleged that, in addition to withholding one-half of the property described in subparagraph(14), Trapp purchased from the Farmers Mutual the one-half interest in this property which they had conveyed to the corporation for the sum of $599.24; and on the same day transferred such interest, together with the interest which he and Blankenship had originally withheld, to J. L. Koel of Henderson, Texas. It further alleged, on information and belief, that they realized a profit from this transaction, the amount of which is unknown to the plaintiff, for which they have not accounted.[2]

Subparagraph (24) alleged that Blankenship and Trapp resigned as directors of the Farmers Mutual about November 1, 1937, under an agreement with the board of directors in which they agreed to assign to Farmers Mutual their stockholdings in the company totaling 8855.9 shares; that the value of said stock was set at $8.00 per share; that in truth and fact the stock was not, at that time, worth to exceed $1 per share, which fact was known to Blankenship and Trapp; that by such agreement they were to receive 48,770 shares of stock of the Royalty Holding Company, which shares, at that time, were the property of the Farmers Mutual. It was alleged that the plaintiff was informed and believed the value of this stock was far in excess of the value of the stock of the Farmers Mutual which they surrendered. It alleged that the Royalty Holding Company was officered by Blankenship and Trapp, and that they had peculiar and particular accurate knowledge of the correct financial status of this company, which information they withheld.

Subparagraph (25) alleged that in 1932, and the early part of 1933, Farmers Mutual made arrangements for the purchase by it of a number of tracts of land and first mortgages thereon held by persons residing around Peoria, Illinois. That approximately 338 tracts or mortgages thereon were purchased for which stock of the corporation was given as payment. That the title to these tracts or mortgages thereon was taken in the name of Blankenship, Trapp, E. S. Hansberger, Bert Shepherd, and Victor M. Locke, but that title to the principal portion of said tracts was taken in the name of Blankenship or Trapp, or their representatives who are unknown to the plaintiff.

It was further alleged that these parties used the Bond and Mortgage Company as a medium through which wrongfully to obtain all of the 338 tracts for their own use and benefit, except a portion of the mineral rights under some of them, the exact amount and description of which are unknown to plaintiff but known to the defendants; and that in addition to transferring those stocks for these properties,

---

[2] All of the transactions complained of, as set out above, occurred prior to the time that Trapp became a director of the Corporation or had any official connection with it.

Farmers Mutual paid all expenses in connection with the transactions amounting to $60,000.

Paragraph III alleged that up to the time of his resignation Blankenship was the dominating force and had control over the operation of the various defendant corporations, parties to this action. It alleged that he transferred to Oil Royalties, Inc., the Royalty Holding Company, and Equal Royalty Company, properties and assets wrongfully obtained by him and belonging to Farmers Mutual; and that Blankenship, in conjunction with Trapp, transferred to themselves properties and assets belonging to Farmers Mutual, the exact description of which properties, or nature of the transactions, are unknown to plaintiff but known to them. It is alleged that plaintiff was informed and believed said allegations to be true by reason of the instances where said transactions had been discovered, and by reason of the great amount of plaintiff's funds expended for which there is no accounting, and which were received by Blankenship and Trapp as reflected by Exhibit Number 7.[3]

Paragraph IV of the complaint alleged on information and belief, as apparent from the facts that had been discovered, that from properties belonging to Farmers Mutual but standing in the names of Blankenship, Trapp, Daisy O. Blankenship, or the defendant corporations, royalty runs had been received by them which belong to Farmers Mutual, and that petitioner was entitled to a return of such properties and to an accounting for the profits therefrom.

Paragraph VI, (6) and (7) alleged that after the severance of their relationships with Farmers Mutual, Blankenship and Trapp continued to associate themselves together, and continued to cooperate with the other members of the preorganization committee to continue the frauds complained of; that the members of the preorganization committee had at all times operated together in effecting and concealing the frauds and fruits thereof, as set out, and that by reason of such frauds they inflicted numerous other frauds on Farmers Mutual, the exact nature of which were unknown to plaintiff, but known to the defendants, which to this day have not been discovered but would be discovered by a proper accounting.

The sufficiency of the complaint to state a cause of action against Trapp must find support in these allegations, which we have set out somewhat in detail, in order to present a picture of the nature and character of the complaint.

The trial court's judgment dismissing the action as to Trapp was based upon its conclusions that the complaint failed to allege facts showing the existence of a fiduciary relationship on the part of Trapp toward Farmers Mutual, and that it failed to allege primary facts entitling it to an accounting as to him.

■ The motion to dismiss admitted as true all facts well pleaded. The rule in equity requiring the allegations of a bill of complaint to be certain and specific, applies to one in which an accounting is sought.[4] Mere conclusions or general allegations are insufficient to state a cause of action for an accounting. General allegations of fraud or the existence of a fiduciary relationship or that the account is long and complicated are not sufficient. The complaint must set out primary specific facts touching these matters.[5]

■ Technical accuracy as to all details will not be required, and the allegations of the complaint will be liberally construed in determining its adequacy to state a cause of action when the question comes up on a motion to dismiss.

■ One other observation may be noted before we go to a consideration of the allegations of the complaint in question. The New Federal Rules of Civil Procedure,

[3] The only reference to Trapp in this Exhibit is a debit item, as follows: "August 24 M. E. Trapp $8500.00."
[4] See 1 C. J. S., Accounting, § 38, p. 669, and cases cited.
[5] See 1 C.J.S., Accounting, § 38, pp. 669, 670; Travers v. Dyer, 24 Fed.Cases, Case No. 14,150; Washburn v. Moorman, D.C., 25 F.Supp. 546; Huntington v. Saunders, 120 U.S. 78, 7 S.Ct. 356, 30 L.Ed. 580; Boyd v. Shirk, 125 Md. 175, 93 A. 417; Childs v. Missouri, K. & T. R. Co., 8 Cir., 221 F. 219

28 U.S.C.A. following section 723c, have liberalized the principles of good pleading, and the strict requirements of pleadings under the old rules have been greatly modified and relaxed. Thus, Rule 8(a) (2) requires only "A short and plain statement of the claim showing that the pleader is entitled to relief." If the requisite allegations of a complaint under Rule 8(a) (2) are too general or indefinite to apprise the defendant of the nature of the charge leveled at him, or are insufficient to enable him to prepare his defense, he may require of plaintiff the additional information under Rule 12(e) by a motion for a more definite statement of fact or for a bill of particulars.

### Allegations of Subparagraphs (12) to (19) Paragraph II

All the transactions set out in these paragraphs took place prior to the organization of the Farmers Mutual and were consummated by the preorganization committee. Trapp was not a member of this committee, nor is it shown by the allegation of a single primary fact that he had any connection with the committee. On the face of the record, Trapp was not the agent or trustee of Farmers Mutual and therefore owed it no accounting. Of course, if, as a matter of fact, he received money or property belonging to the corporation for which he had not accounted, a trust relationship would arise by operation of law and he would be required to account therefor; but facts showing the existence of such a relationship must be plead in order to make him a trustee by operation of law. True, the complaint does allege, with respect to these properties, that the full consideration therefor was taken from the funds of Farmers Mutual by Blankenship and Trapp. If that fact is true, Trapp would stand in a trust relationship, but that allegation states the mere conclusion of the pleader. It states no primary or fundamental facts showing such a situation. No facts are plead showing that money of Farmers Mutual did come into the possession of Trapp. Motions were filed to the original complaint requiring plaintiff to set out the facts in support of this statement. Plaintiff responded thereto by filing the first amended complaint in which substantially the same allegations were made. A further motion for a more definite statement of facts was filed to this amended complaint to which plaintiff responded by filing the second amended complaint which merely again contained the general statement set out above.

The most that can be said for the allegation that the full consideration for the purchase of these properties was taken from the funds of the Farmers Mutual is that the pleader contends that this must be so because it claims the full property. The mere claim of an interest in the property by Farmers Mutual, which stands in the name of Trapp, is insufficient alone to support the conclusion that it was purchased with funds of the corporation, or to make Trapp a trustee by operation of law.

We agree with the trial court that the allegations of the above paragraphs of the complaint fail to contain a single primary fact showing a trust relationship between Trapp and the Company, or that he ever came into possession of any of its funds. All of these transactions occurred prior to the organization of Farmers Mutual. They were carried on by the preorganization committee of which admittedly Trapp was not a member. There is no single primary fact alleged from which it can be said that Trapp had any connection with the preorganization committee or its activities. Even under the liberal rules of pleading now in force, a complaint must not only define the issue but must also particularize it sufficiently to enable the defendant to prepare his defense.[6] This the complaint fails to do.

### Subparagraph (25) of Paragraph II

This paragraph in general alleged that the so-called 338 tracts of land or mortgages thereon were purchased with stock of the Farmers Mutual, but the title thereto was wrongfully taken in the name of Blankenship or Trapp or their agents, and in this way Blankenship and Trapp defrauded the Farmers Mutual.

These tracts were involved in Case Number 461, Civil, in the District Court of

---

[6] Adams v. Hendel, D.C., 28 F.Supp. 317.

the United States for the Western District of Oklahoma. That was an action instituted against many of the defendants in this case by certain stockholders of Farmers Mutual. Farmers Mutual was a party to that action. The Findings of Fact, Conclusions of Law, and Judgment in that case were before the court in this case when it heard and considered the motion to dismiss. The findings and judgment in that case bar Farmers Mutual of any interest in these properties. While ordinarily a court hears a motion to dismiss on the allegations of the complaint alone, that rule is not without exception, and the court is not in all instances limited to the allegations of the complaint. As stated in A. G. Reeves Steel Construction Co. v. Weiss, 6 Cir., 119 F.2d 472, 474:

"The dictates of common sense and the demands of justice provide an exception to this rule that in order to reach a just result and bring an end to litigation, courts will make use of established and uncontroverted facts not formally of record in the pending litigation where such facts may be ascertained from an examination of the facts and pleadings in former cases in the appellate court between at least one of the parties and others relating to the same subject matter." [7]

In order to reach just results and bring an end to litigation, courts will use uncontroverted facts which are not formally of record in pending litigation, but which are ascertainable from an examination of facts and pleadings in former cases in the court between at least one of the parties and others relating to the same subject matter.

▆▆ Farmers Mutual's claim to an interest in the properties was litigated and adjudicated in the former action, and it was judicially decreed there that it had no interest therein.

### Subparagraph (24) of Paragraph II

This paragraph alleged in substance that Trapp acted fraudulently in selling his stock in Farmers Mutual to the Company at $8.00 per share. It is charged that this stock was not worth $8.00 a share, and that this was known to him; and that he was guilty of withholding the information as to the value of the stock which he possessed as an officer of the corporation, and which was not known to plaintiff. This transaction also was passed upon by the court in Case Number 461, Civil, and was approved as being fair to the Company. It follows from what has been said that subparagraphs (24) and (25) fail to state facts constituting a cause of action, or entitling plaintiff to an accounting against Trapp.

### Paragraph III(d) and (e); Paragraph IV; and Paragraph VI(6) and (7).

We have heretofore set out the allegations of these paragraphs, and in the interest of brevity will not repeat them. In general they alleged that Blankenship and Trapp transferred to themselves properties and assets of the Company which they now hold in trust, and that since their withdrawal from the Company they have continued, with other members of the preorganization committee, to effectuate the frauds complained of. All of these allegations are made on information and belief. These allegations, as far as Trapp is concerned, are mere conclusions unsupported by a single primary fact. No primary facts are set out in support of these conclusions which would enable Trapp to prepare his defense. Most of the things complained of occurred prior to the organization of the Company and prior to the time Trapp had any stock in the Company and before he became an officer thereof. During such time, he was not a trustee unless he became one by operation of law. These general allegations consisting of surmise and conclusions, unsupported by primary facts, are insufficient to create such relationship by implication. It follows the complaint was insufficient to entitle appellant to an accounting against Trapp.

The judgment of the trial court is therefore affirmed.

BRATTON, Circuit Judge (dissenting).

Rule of Civil Procedure 8(a), 28 U.S.C.A. following 723c, requires among other things

---

[7] See also Greeson et al. v. Imperial Irr. Dist., 9 Cir., 59 F.2d 529; Nev-Cal Electric Securities Co. v. Imperial Irr. Dist., 9 Cir., 85 F.2d 886; Locals Number 1470, etc. v. Southern Pacific Co., 5 Cir., 131 F.2d 605.

that a complaint shall contain a short and plain statement of the claim showing that plaintiff is entitled to relief and a demand for the relief to which he deems himself entitled. The purpose of the rule is to bring about brevity, simplicity, and clarity in pleading. And a motion to dismiss an action for failure of the complaint to state a claim upon which relief can be granted admits every material fact well pleaded in the complaint, construed in the light most favorable to plaintiff. Porter v. Karavas, 10 Cir., 157 F.2d 984.

Stripped of prolixity, the second amended complaint charged in effect that Blankenship and Trapp took title in their own names to certain properties purchased with funds of Farmers Mutual Royalty Syndicate; that they wrongfully appropriated the properties to their own use and benefit; and that they have never accounted for the properties or their proceeds. It further charged that in connection with the resignation of Blankenship and Trapp as directors of the company it was agreed that they should assign to the corporation certain shares of corporate stock and should receive in exchange therefor other stock; and that such exchange of stock resulted in substantial profit to Blankenship and Trapp and heavy loss to the corporation. And it further charged in general language that Blankenship and Trapp transferred to themselves properties and assets of the corporation which they still retain and appropriate to their own use and benefit. The prayer was for an accounting. Trapp filed a motion to dismiss the complaint for the reason that it failed to state facts sufficient to constitute a cause of action against him. The court sustained the motion and dismissed the action as to the defendant Trapp.

In respect to certain transactions, the essence of the complaint was that Blankenship and Trapp obtained title to certain properties which were purchased with funds belonging to the corporation; and that they have never accounted for them. If so, they took and held the properties in trust for the benefit of the corporation, even though Trapp was not one of its officers or directors; and Trapp should be held liable accordingly. In respect to another transaction, the gravamen of the complaint was that Blankenship and Trapp were parties to an arrangement in connection with their resignation as directors, in which they reaped a large profit and the corporation suffered a heavy loss. If so, on principles of equity, Trapp should be held liable. I think the complaint stated a cause of action as to Trapp.

On Rehearing.

HUXMAN, Circuit Judge.

■ This case involved the sole question whether the second amended complaint stated a cause of action entitling plaintiffs to go to trial. The trial court was of the opinion that it was devoid of primary allegations of fact necessary to state a cause of action, and accordingly entered judgment dismissing the action. On appeal to this court we affirmed. See Gulf Coast Western Oil Company, Inc., v. Trapp, decided August 21, 1947. We granted appellant's petition for rehearing, limiting it, however, to a reconsideration of the allegations in subparagraphs 12 to 19, inclusive, of paragraph II of the second amended complaint. Having given further consideration to these portions of the complaint, we have reached the conclusion that we erred in concluding that they failed to state a cause of action.

■ We now think that we construed the allegations of these subparagraphs too narrowly. We also feel that we gave too much weight to the fact that all of these transactions were carried on by the preorganization committee and occurred prior to the organization of the corporation, and to the fact that Trapp was not a member of this committee. The preorganization committee represented the corporation to be formed. All the funds collected by it and which came into its hands were trust funds to be accounted for to the corporation when it was formed. The fact that when the corporation was formed, the properties which the committee had purchased for it were transferred to the corporation and accepted by it, did not absolve the committee from liability for other funds, if any, which it misappropriated unbe-

known to the corporation. So also, the fact that Trapp was not a member of the preorganization committee and had nothing to do with the collection of these funds, would not absolve him of liability, if, in fact, some of these properties purchased with such funds were placed in his name without the payment by him of full consideration therefor. Our former opinion recognizes this, when we said, "Of course, if, as a matter of fact, he received money or property belonging to the corporation for which he had not accounted, a trust relationship would arise by operation of law and he would be required to account therefor * * *".

In our original opinion, we set out the allegations of subparagraph 12 as being representative of the allegations of all of these paragraphs. Upon a further consideration of the allegations of these subparagraphs, we are of the view that they do state primary facts sufficiently definite to enable the defendant to adequately prepare his defense thereto. Thus, subparagraph 12 alleges, "That on August 21, 1931, G. T. Blankenship and M. E. Trapp purchased a one-sixteenth (1/16) of one-eighth (1/8) royalty interest under ninety-five and five tenths (95.5) acres in the G. F. Penn Survey, Gregg County, Texas, known as the Tom Bell Tract, the legal description of which is set forth in Exhibit No. 8, Paragraph A, hereto attached and made a part hereof. The property was purchased from L. W. Stiron and E. J. Koenig. On September 21, 1931, G. T. Blankenship and M. E. Trapp deeded a one-thirty-second (1/32) of one-eighth (1/8) royalty interest to Farmers Mutual and retained for themselves a one-thirty-second (1/32) of one-eighth (1/8) royalty interest or one-half (1/2) of the amount purchased. That the consideration for the full interest purchased was taken by G. T. Blankenship and M. E. Trapp from funds of the Farmers Mutual and that the said G. T. Blankenship and M. E. Trapp have not accounted to the petitioner for the remaining one-half (1/2)

interest of the properties purchased or the proceeds thereof."

There is no uncertainty or ambiguity in these allegations. They set out the primary fundamental facts, which, if true, would require the defendant to account. They furnish all necessary information enabling Trapp to refute them if they are untrue, and prepare his defense thereto. As already pointed out, the fact that the transactions were consummated prior to the existence of the corporation, if, in fact, the property was purchased with trust funds belonging to the corporation, would not deny the right to an accounting. Likewise, the fact that Trapp was not a member of the preorganization committee or had no part in the purchase of the property would not absolve him from liability if such property was placed in his name. In such event, he would be charged as trustee by operation of law.

A motion to dismiss for failure to state a cause of action admits all facts well pleaded and is to be construed most favorably to plaintiff. Porter v. Karavas, 10 Cir., 157 F.2d 984. We are of the opinion that when so considered, subparagraphs 12 to 19, inclusive, of paragraph II of the second amended complaint state a cause of action, and that we erred in reaching a contrary conclusion. As to the remaining paragraph of the amended complaint, no petition for rehearing was granted, and a majority of the court adheres to what we said in our original opinion. The judgment heretofore entered by us is accordingly withdrawn, and the following judgment is entered: The judgment of the trial court dismissing the action set out in subparagraphs 12 to 19, inclusive, of paragraph II of the second amended complaint, is reversed, and as to such part of the complaint, the cause is remanded with directions to reinstate the same and proceed in accordance with the views herein expressed. In all other respects, the judgment of the trial court is affirmed.