EVA L. KORNMANN, ADMINISTRATRIX, ETC. *v.* SAFE DEPOSIT & TRUST CO. OF BALTIMORE ET AL.

[No. 33, October Term, 1941.]

*Decided January 13, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Frederick H. Hennighausen,* with whom was *Emil Budnitz* on the brief, for the appellant.

*Philip B. Perlman,* with whom was *Wirt A. Duvall, Jr.,* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to the appellant's amended cross-bill of complaint, the appellant having declined to further amend.

The cross-bill alleges that at the beginning of banking hours on January 3, 1939, there was on deposit in the Eutaw Savings Bank of Baltimore the sum of $31,818.14 to the credit of "C. Edward Snyder, in trust, until withdrawal thereof, for himself and Carrie H. Snyder, joint

owners, subject to withdrawal by either, the balance at death of either to belong to the survivor"; that the deposit represented, as charged in the fourth paragraph of the cross-bill, "moneys accumulated by prudence, joint efforts and activities of C. Edward Snyder and Carrie H. Snyder, his wife, in their business enterprises, and deposited in various amounts at various times"; that on January 3, 1939, C. Edward Snyder, without the knowledge or consent of his wife, who was then confined to a nursing home, with a serious illness, withdrew the deposit and deposited the entire amount of it in his own name in the same bank, to his sole and separate order and use; that thereafter on July 12, 1939, C. Edward Snyder executed a will, by which the residue of his estate, after certain specific bequests of personal property and $1,000 dollars in cash to a church, was left to the Safe Deposit & Trust Company, in trust for Mrs. Snyder for her life with remainders to his near relatives; that the transfer of the deposit from the joint names of C. Edward Snyder and his wife to himself "did fraudulently deprive his wife, the said Carrie H. Snyder, of all benefit and enjoyment of the said moneys, to which she was lawfully entitled, and did destroy her right of survivorship in the said fund"; that Mr. Snyder died September 5, 1939, and Mrs. Snyder, March 6, 1940.

The appellant then prayed that the Safe Deposit & Trust Company and Horace Robinson Ford, executors of C. Edward Snyder, be enjoined from paying over the said sum of money so deposited by C. Edward Snyder to his own account, and that they be required to account for the sum of $31,818.14 with interest from January 3, 1939.

To this the cross-defendants, appellees, demurred, and particularly to the fourth paragraph, which had alleged that the fund was the result of the joint efforts of the husband and wife, though there was nothing to say how they had jointly contributed, but our view and the decisions of this court is that it makes no difference whose efforts produced the fund unless the charge of fraud be clearly alleged and proved.

The burden of the appellant's argument is that Mrs. Snyder, and those who would inherit from her, have no share in the fund, simply because Mr. Snyder made this transfer, without her knowledge or consent, and that the demurrer admits as a fact that the fund was so produced. A demurrer does not admit every fact alleged, but every well pleaded fact. *Hartman v. Weller et al., Public Service Commission*, 179 Md. 285, 19 A. 2d 709; *Miller's Eq. Proc.* 172. It has been held by this court that a deposit such as we have here is effective, even if the *cestui que* trust had no knowledge of it. *Ghinger v. Fanseen*, 166 Md. 519, 172 A. 75, where all the authorities on every question here involved have been cited and reviewed. In this case we do not know who made the deposit. The motive behind such a deposit is that either of the beneficiaries may have access to the fund at any time, that it shall not be subject to the claims of any except their joint creditors, but generally that on the death of either, administration by the Orphans' Court may be avoided.

The form of this deposit, by which either may withdraw any or all of it during their joint lives, and the survivor takes all that is left on the death of the other, has been approved in all the decisions of this court from *Milholland v. Whalen*, 89 Md. 212, 43 A. 43, 44 *L. R. A.* 205, to this day, and to say now that C. Edward Snyder did not have the right to do what the appellant here complains of would be to overrule all of them. Mrs. Snyder could have done the same thing. The charge of appellant is that because he did it, it was fraudulent. That is a conclusion at variance with all the decisions of this court respecting such deposits. The charge of fraud is merely a belief or conclusion, without a statement of the facts upon which such belief or conclusion is founded. *Homer v. Crown Cork & Seal Co.*, 155 Md. 66, 74, 83, 141 A. 425; *Miller's Eq. Proc.* 118.

It makes no difference, in the absence of fraud, whose money it was when deposited, or how much either contributed to the trust or deposit. Once deposited in such

an account, it is subject to the order of either. As said in *Fairfax v. Savings Bank of Baltimore*, 175 Md. 136, 144, 199 A. 872, 876, 116 *A. L. R.* 1334; "The power of withdrawal is not joint, as is established by the words of the account, 'subject to the order of either.' It exists completely in each beneficiary, with the power of separate and independent exercise. It is, moreover, a reserved personal right of each and beyond the control of the other, and, therefore, whether it shall be exercised depends wholly upon the individual will of each severally motivated." Or as we said in *Wetzel v. Collin*, 170 Md. 383, 387, 185 A. 117, 118, "there can be no doubt of the right of either trustee or *cestui que* trust to so change the account as to appropriate to her own use all the money on deposit in this account, or to transfer it from the names of both into her own name, regardless of whose money it was."

The order appealed from must, therefore, be affirmed.

*Order affirmed, with costs.*