**ESTATE of Gordon A. BINKLEY, Deceased, by Ruth Binkley, Executrix,**

v.

**UNITED STATES of America, Appellant.**

**No. 15563.**

United States Court of Appeals Third Circuit.

Argued Feb. 25, 1966.

Decided March 17, 1966.

Robert A. Bernstein, U. S. Dept. of Justice, Tax Division, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., on the briefs, Gustave Diamond, U. S. Atty., W. Wendall Stanton, Asst. U. S. Atty., of counsel), for appellant.

Robert G. MacAlister, Pittsburgh, Pa. (Stanley M. Simon, Frank E. Coho, Pittsburgh, Pa., on the brief), for appellee.

Before HASTIE and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

**640**

PER CURIAM:

This estate tax case arises out of the purchase of a home in the name of a wife with funds supplied by the husband. The spouses thereafter moved into the house and lived there together for some ten years until the death of the husband. The government contends that this property is part of the husband's gross estate for estate tax purposes, arguing that this is property of which the husband in effect "made a transfer" to the wife "under which he retained" for the remainder of his life "the possession or enjoyment of \* \* \* the property" within the meaning of section 2036 of the 1954 Internal Revenue Code.

In the district court, both sides having moved for directed verdicts, the court awarded the husband's estate the amount of estate taxes that had been levied and collected on the value of the property in question. The government has appealed, arguing that a verdict should have been directed for it.

The evidence shows no express agreement that the husband enjoy a possessory interest in the property. The government contends that such an understanding must be implied from the circumstances and the conduct of the parties. However, the record shows that the husband expressed a desire that the wife have the property in such a way that her situation would be equivalent to that of a former wife to whom, after his second marriage he had transferred exclusive ownership and use of a home which he and she formerly had owned jointly. It also appeared that over the years it was the custom and practice of the husband to make substantial outrights gifts of property to his second wife. The district court concluded that in all of the circumstances of this case a tacit understanding that the husband should retain a possessory interest in the property should not be implied. On the facts disclosed by this record we think the decision was a proper one.

The judgment will be affirmed.