ESTATE OF EMIL LINDERME, SR., DECEASED, EMIL M. LINDERME, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3882–67. Filed May 21, 1969.

*William W. Falsgraf*, for the petitioner.
*John P. Graham*, for the respondent.

OPINION

The sole issue confronting us is whether the decedent retained the "possession or enjoyment" of his residence so as to bring its value within his gross estate for purposes of the Federal estate tax pursuant to section 2036(a)(1).[2]

Petitioner insists that respondent's assertion of the applicability of section 2036(a)(1) constitutes an unwarranted attempt to create a statutory presumption of retention of "possession or enjoyment" from the mere fact of occupancy of the residence by the decedent from the time of the quitclaim deed in favor of his three sons in 1956 until his removal to a nursing home. We do not thus interpret respondent's position. Rather, we understand respondent to argue that, based upon an evaluation of all the facts and circumstances herein, there are adequate grounds for inferring an agreement or understanding on the part of decedent and his three sons sufficient to bring the transfer within the sweep of section 2036(a)(1). We agree with respondent.

The facts involved herein are clear. Decedent executed a quitclaim deed to the residence to his three sons in 1956. At that time, he delivered the deed to his son Emil. While the other two sons were not made aware of the delivery until after the father's death, we think it a reasonable assumption that Emil's actions in accepting the deed and in dealing with the decedent in respect of subsequent treatment of the property coincided with their views. Although the deed had been recorded prior to delivery, it was put into a file with decedent's other papers—a factor perhaps of more significance if there were an issue as to whether any gift was made, but also having some bearing on the existence, of an understanding with respect to decedent's interest in

---

[2] SEC. 2036. TRANSFERS WITH RETAINED LIFE ESTATE.

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from, the property, or

(2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom.

Respondent also based the notice of deficiency upon sec. 2033. During the course of opening statements at the trial, respondent's counsel, in response to a specific question by the Court, agreed that a lifetime gift had been made and that the only issue was whether that gift was of the entire property or of a lesser interest. Under these circumstances, we consider that respondent has conceded any issue under sec. 2033.

the property. Decedent continued in *exclusive* possession of the residence until he entered the nursing home. The residence was unoccupied from that time until his death about a year and a half later. There was neither consideration of any sale or rental of, nor any effort to sell or rent, the residence during that interval, thus indicating that the property was being held available for decedent's possible return. From the date of the quitclaim deed until his death, decedent's funds were used to pay all the expenses relating to the property, including real estate taxes, insurance premiums, and costs of maintenance. Even after the property was sold, part of the proceeds of sale were used to pay the obligations of decedent's estate. While this factor also would have greater bearing on the "any gift" issue (see fn. 2, *supra*), it is a further indication, when taken into account with the other elements involved herein, of a retained interest in decedent.

Petitioner claims that the application of section 2036(a)(1) under the foregoing circumstances would unjustifiably extend the frontiers of that section contrary to the mandate of the decided cases and particularly our decision in *Estate of Allen D. Gutchess*, 46 T.C. 554 (1966), acq. 1967-1 C.B. 2. We disagree. Petitioner correctly concludes that it is neither necessary that the proscribed retained interest be expressed in the instrument of transfer nor necessary that the decedent have a legally enforceable right to possession or enjoyment. Petitioner, however, points out that, in all of the decided cases in which section 2036(a) was held applicable to situations similar to that involved herein, the property was income-producing (*Estate of Daniel McNichol*, 29 T.C. 1179 (1958), affd. 265 F. 2d 667 (C.A. 3, 1959); *Estate of G. W. Peck* v. *United States*, an unreported case (M.D. Ga. 1965, 16 A.F.T.R. 2d 6125, 65-2 U.S.T.C. par. 12,333); *Carpenter* v. *United States*, 243 F. Supp. 993 (W.D. Okla. 1965); *Estate of Harter* v. *United States*, an unreported case (N.D. Okla. 1954, 48 A.F.T.R. 1964, 1955-1 U.S.T.C. par. 11,503))[3] and that, in all of the decided cases which refused to apply that section, the property involved was non-income-producing. *Union Planters National Bank* v. *United States*, 361 F. 2d 662 (C.A. 6, 1966); *Estate of Binkley* v. *United States*, 358 F. 2d 639 (C.A. 3, 1966); *Diehl* v. *United States*, an unreported case (W.D. Tenn. 1967, 21 A.F.T.R. 2d 1607, 68-1 U.S.T.C. par. 12,506); *Stephenson* v. *United States*, 238 F. Supp. 660 (W.D. Va. 1965); *Estate of Allen D. Gutchess*, *supra; Estate of Robert W. Wier*, 17 T.C. 409 (1951). Petitioner then seeks to parlay the foregoing decisions into the negative proposition that, unless income-producing property is involved, no agreement or understanding with respect to a decedent's retention of "possession or enjoyment" can be inferred.

---

[3] See also *Estate of Ethel M. Bullock*, T.C. Memo. 1960-204.

To be sure, the factual distinction emphasized by petitioner does exist in these cases. But a more significant element seems to have been the fact that there was no withholding of occupancy from the donee. In the absence of such withholding, the continued co-occupancy of the property by the donor with the donee was considered, in and of itself, an insufficient basis for inferring an agreement as to retained possession or enjoyment. See *Estate of Allen D. Gutchess*, 46 T.C. at 556–557. The presence of income from the property was simply a useful ancillary tool for decision rather than a limiting principle imposed as a matter of law. The retention of income was thus only an example, albeit a very clear one, of "possession or enjoyment." Moreover, most of the cases decided in favor of the taxpayer involved a husband-wife relationship where the crosscurrent of section 2040 was at work. See concurring opinion in *Estate of Allen D. Gutchess*, 46 T.C. at 558.

In the instant case, the decedent continued to occupy the residence to the exclusion of the donees or anyone else whose status stemmed from their rights to the property. Surely that occupancy was as much an "economic benefit" as if decedent had rented the property and obtained the income therefrom. See *Estate of Daniel McNichol*, 29 T.C. at 1184. Additionally, such *exclusive* occupancy, while not necessarily determinative, should be accorded greater significance than co-occupancy in the process of evaluating the various facets of a particular situation in order to determine whether an understanding existed whereby a decedent would retain possession or enjoyment.

In *Commissioner* v. *Estate of Church*, 335 U.S. 632 (1949), the Supreme Court, in dealing with the predecessor of section 2036, in the context of transfers in trust, cut the shackles of earlier decisions and stated (335 U.S. at 645–646) :

an estate tax cannot be avoided by any trust transfer except by a bona fide transfer in which the settlor, absolutely, unequivocally, irrevocably, and without possible reservations, parts with all of his title and all of his possession and all of his enjoyment of the transferred property. After such a transfer has been made, the settlor must be left with no present legal title in the property, no possible reversionary interest in that title, and no right to possess or to enjoy the property then or thereafter. In other words such a transfer must be immediate and out and out, and must be unaffected by whether the grantor lives or dies.[4]

We take our cue from this mandate for a broad inclusion within the gross estate pursuant to section 2036(a)(1). The burden of proof is on the taxpayer and, in cases of this type, that burden may be a heavy one. *Skinner's Estate* v. *United States*, 316 F. 2d 517, 520 (C.A. 3, 1963) ; cf. *Estate of Henry Wilson*, 2 T.C. 1059, 1091 (1943). But such difficulty does not justify exclusion from the operation of section 2036(a)(1).

---

4 The long judicial and legislative history involved in the *Church* doctrine is set forth in detail in *McNichol's Estate* v. *Commissioner*, 265 F. 2d 667, 670–673 (C.A. 3, 1959).

On the basis of the entire record herein, we are satisfied as our ultimate finding of fact reflects that, beyond the mere existence of the family relationship and the mere occupancy of the premises, decedent did have an understanding whereby he retained the exclusive use of the residence until his death. The property in question is thus includable in decedent's gross estate under section 2036(a)(1).

One final word. In the petition, petitioner expressly placed in issue the deductibility of additional legal fees incurred because of this proceeding. Obviously, until a final disposition is made, the amount of those fees cannot be determined. Under these circumstances, respondent's attempt to contend that petitioner conceded this issue by not producing any evidence at trial or not specifically reserving a position with respect thereto in the opening statement is in blatant disregard of Rule 51 of the Rules of Practice of this Court and of section 20.2053-3(c) of respondent's own regulations. The deductibility of this item will be determined at a later date within the limits of sections 2053(b), 6501, and 6503(a)(1). *Estate of Charles C. Hanch*, 19 T.C. 65 (1952).

In order to reflect other adjustments,

*Decision will be entered under Rule 50.*