Jane C. **GUYNN**, Executrix of the Estate of Vena E. Calvert, Deceased, Appellee,

v.

**UNITED STATES** of America, Appellant.

No. 14614.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1971.

Decided Feb. 8, 1971.

William K. Hogan, Atty., Dept. of Justice (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Loring W. Post, Attys., Dept. of Justice, and Leigh B. Hanes, Jr., U. S. Atty., on brief), for appellant.

John Y. Merrell, Washington, D. C. (George M. Warren, Jr., Bristol, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

The government appeals from a judgment of the district court refunding to the estate of Vena A. Calvert taxes on the value of a home assessed under § 2036 of the Internal Revenue Code.[1] Mrs. Calvert bought the home less than two years before her death and conveyed it to her daughter, Mrs. Guynn, four months after its purchase. Mrs. Calvert continued to live there until her death. The district court based its exclusion of the home from Mrs. Calvert's estate on the ultimate finding that there was "no evidence of an express or implied agreement between decedent and her daughter to the effect that decedent would continue to occupy the property during her lifetime." On the uncontroverted facts we hold that the district court's finding was clearly erroneous.

Mrs. Calvert, at the age of 81, moved from Denver, Colorado, to Galax, Virginia, in order to be closer to her daughter. Before moving, Mrs. Calvert paid the full purchase price for a house in Galax which Mrs. Guynn selected. The sellers deeded the property to Mrs. Calvert, but the deed was not recorded. Four months later the former owners executed a second deed, joined in by Mrs. Calvert, conveying the property outright to Mrs. Guynn, and this time the deed was recorded. Mrs. Calvert filed a gift tax return covering the home and some securities which she gave to her daughter. Both before and after the second conveyance of the home, Mrs. Calvert was the sole resident. She paid for improvements and paid the property taxes.

---

1. Section 2036 of the Int.Rev.Code of 1954, 26 U.S.C. § 2036 (1964), provides that the value of the gross estate shall include, with exceptions not here germane, "all property to the extent of any interest therein of which the decedent has at any time made a transfer * * * by trust or otherwise, under which he has retained for his life * * * or for any period which does not in fact end before his death—(1) the possession or enjoyment of, or the right to income from, the property * * *."

Mrs. Guynn, the daughter, paid nothing for the upkeep of the property and received no rent.

■ Section 2036 describes a broad scheme of inclusion in the gross estate, not limited by the form of the transaction, but concerned with all inter vivos transfers where outright disposition of the property is delayed until the transferor's death. Estate of Linderme, 52 T.C. 305 (1969); cf. C.I.R. v. Estate of Church, 335 U.S. 632, 645, 69 S.Ct. 322, 337, 93 L.Ed. 288 (1949). The donor's interest need not be reserved by the instrument of transfer, nor need it be legally enforceable. McNichol's Estate v. C.I.R., 265 F.2d 667 (3d Cir.), cert. denied, 361 U.S. 829, 80 S.Ct. 78, 4 L.Ed. 2d 71 (1959). An interest retained pursuant to an understanding or arrangement comes within § 2036. Skinner's Estate v. United States, 316 F.2d 517 (3d Cir. 1963). The understanding need not be express. It may be implied from all the circumstances surrounding the transfer. Estate of Linderme, 52 T.C. 305 (1969); Treas.Reg. § 20.2036–1, T.D. 6296 (1958), as amended, T.D. 6501 (1960).

■ Both mother and daughter expected Mrs. Calvert to live in the house indefinitely. Indeed, that expectation underlay Mrs. Guynn's selection of a house close to her own: "it would be more feasible with her advanced years to have her permanently located where I could look after her a little better." Mrs. Guynn stated that her mother never discussed the possibility of moving out of the house once she moved in. On the issue of whether they had made any agreement, Mrs. Guynn's testimony is most crucial:

"Q. Did you and your mother discuss the fact that even though the house was in your name, she would continue to live in it until her death?

"A. Discuss it, why, no. It wasn't necessary to discuss it. I wanted her with me. I wanted her nearby and she wanted to be with me * * *.

* * * * * *

"Why, no, we didn't discuss it. It was assumed * * *."

Consistent with this mutual assumption, Mrs. Calvert retained all the attributes of ownership except bare legal title. She remained in exclusive possession, paid the taxes, made improvements out of her own funds and paid no rent. From every outward indication, Mrs. Calvert's relationship to the property was no different after the transfer to her daughter than before. Conversely, Mrs. Guynn's possession and economic enjoyment of the property was totally postponed until her mother's death. We hold, therefore, that the testimony of Mrs. Guynn and the actions of the parties establish an implied understanding that Mrs. Calvert would retain the possession and enjoyment of the property within the meaning of § 2036.

While the issue of implied agreement must turn on all the circumstances of each transaction, the continued exclusive possession by the donor, and the withholding of possession from the donee, are highly significant factors. On this basis, we distinguish those cases where a residence jointly occupied by the donor and the donee has been held not includable in the donor's gross estate.[2] The Tax Court has made the same distinction. Compare Estate of Linderme, 52 T.C. 305 (1969), with Estate of Gutchess, 46 T.C. 554 (1966).

Reversed and remanded for further proceedings consistent with this opinion.

2. Union Planters Nat'l Bank v. United States, 361 F.2d 662 (6th Cir. 1966); Estate of Binkley v. United States, 358 F.2d 639 (3d Cir. 1966); Stephenson v. United States, 238 F.Supp. 660 (W.D. Va.1965); Diehl v. United States, 21 AFTR 2d 1607, 68–1 U.S.T.C. ¶ 12,506 (W.D.Tenn.1967); Estate of Gutchess, 46 T.C. 554 (1966). See Rev.Rul. 70–155 (April 6, 1970).