**Juanelle TUBBS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 5–905.**

United States District Court, N. D. Texas, Lubbock Division.

Aug. 4, 1972.

John Russell Crews, Crenshaw, Dupree & Milam, Hugh Anderson, Lubbock, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., for defendant.

## MEMORANDUM OPINION

WOODWARD, District Judge.

In November 1961 Mrs. Linnie R. Garrard conferred with Mr. James Milam, an attorney of Lubbock, Texas, and inquired of him as to the amount of property she could convey to her daughter, Mrs. Juanelle Tubbs, the plaintiff in this case, without being required to pay a gift tax. Mr. Milam told her of the $30,000 lifetime exemption and after further conversation advised her that she could convey an undivided 480-acre interest in a 1,293 acre tract of land which she owned in Lynn County, Texas, and which would not be of sufficient value to require the payment of any gift tax. He also advised Mrs. Garrard that there must be "no strings attached" to the gift and that the income from this part of the land would belong to Mrs. Tubbs. Mrs. Garrard replied that this was what she wanted and indicated that she would follow this advice.

The following month, on December 26, 1961, a deed of conveyance of the 480-acre undivided interest out of the larger tract was executed and acknowledged by Mrs. Garrard to her daughter, Juanelle Tubbs, reciting a $10 consideration, and the deed was subsequently recorded in the Deed Records of Lynn County, Texas. Mrs. Garrard died on March 4, 1966, and left a will appointing Mrs. Tubbs as her independent executrix and devising her entire estate to Mrs. Tubbs.

From the date on which the deed was executed in December 1961 until the date of Mrs. Garrard's death, the entire income from oil and gas rentals, crop rentals and other income from the land in question was received by Mrs. Garrard. Mrs. Garrard reported this income, from the entire tract of land, including the interest conveyed to Mrs. Tubbs, on her various income tax reports for the years in question; Mrs. Tubbs did not at any time account for any portion of the income from the land during these years on her own personal income tax returns. Further, Mrs. Garrard paid the state and local taxes on the land and on her income tax returns claimed depreciation for the improvements thereon, and of course paid the income tax due and owing for the respective years.

Mrs. Tubbs testified that she did not in any way keep an account of the income from the land after she received the deed from her mother and did not know what the income was from the date of the gift to the date of her mother's death. She never discussed the amount of the rents from the land and had no agreement or discussion about Mrs. Garrard's retaining possession and enjoyment of the land or the income therefrom. Mrs. Garrard never paid any of the rents or other income to her and she never received same. Mrs. Tubbs never paid any of the expenses of the

operation of the land and did not demand at any time that her mother pay her a proportionate part of the income. The plaintiff, Mrs. Tubbs, did state that she felt that she had a right to and could demand a portion of the income but that because her mother lived frugally and was saving the money and because she did not need it, she never asked her mother for any portion of that income.

Shortly after the gift, a proper gift tax return was filed as shown by the exhibit in the record.

Mrs. Garrard's attorney, Mr. Milam, testified that after his original conversation with Mrs. Garrard about the gift and after the deed was executed he does not remember having any further conversations with Mrs. Garrard or other members of the family about the farm or the income therefrom.

The accountant for Mr. and Mrs. Tubbs testified that none of the income from the farm was reported on their personal income tax for the years 1962 through March 4, 1966.

An estate tax return was filed on Mrs. Garrard's estate, and the 480-acre interest conveyed to Mrs. Tubbs in 1961 was not listed nor valued for estate tax purposes. Subsequently an audit and investigation of the estate revealed the gift in 1961 and revealed substantially all of the above facts, whereupon the Internal Revenue Service made an additional assessment against the estate of Mrs. Garrard and included in her estate the value of the 480-acre interest which she had conveyed in 1961 to her daughter. It is the position of the government that under Section 2036(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C. § 2036(a)(1), the gross estate shall include the value of the property conveyed to Mrs. Tubbs because Mrs. Garrard retained for her life the possession or enjoyment of, or the right to, the income from the interest in the property conveyed to her daughter.

■■ The burden is upon the plaintiff in this case to prove that Mrs. Garrard did not retain the right of possession or enjoyment or the right to the income from the property. Kokes v. United States, 68–1 USTC, ¶ 12,530 (D. Neb.1968). First Trust & Deposit Co. v. Shaughnessy, 134 F.2d 940 (2d Cir. 1943), cert. denied, 320 U.S. 744, 64 S. Ct. 46, 88 L.Ed. 442 (1943). The Court is of the opinion that the plaintiff has not met this burden of proof.

After all evidence had been presented and both sides had rested, the defendant presented a motion for a directed verdict, which the Court announced in open court that it would grant.

Not only did the plaintiff fail to carry the burden of proof required in this case, but the evidence plainly shows that Mrs. Garrard did in fact retain the possession and enjoyment of the interest in the property that she conveyed. It is uncontroverted from the facts that all of the income from this land was paid to Mrs. Garrard and that she had it in her possession and paid all of the expenses of the land including the taxes, took the depreciation, and exercised all rights of enjoyment of said land. As a matter of fact, only bare legal title was conveyed by Mrs. Garrard to her daughter in 1961, and on and subsequent to that date and up until the date of her death all other attributes and privileges of ownership were possessed and enjoyed by Mrs. Garrard.

The evidentiary facts in this case are not in dispute, and a great amount of the evidence was by stipulation and agreement. Viewing this uncontroverted evidence in the light that is most favorable to the plaintiff and to plaintiff's cause of action, it appears to the Court that the plaintiff has not only failed to carry its burden to make out a prima facie case in her behalf, but that reasonable men and women could not differ as to the ultimate conclusion to be drawn in arriving at a verdict in this case. From this evidence the defendant is entitled to a judgment as a matter of law, and a directed verdict in favor of the defendant United States Government is therefore in order.

There is no evidence in this case that the plaintiff had anything more than bare legal title which, standing alone, is not sufficient to overcome the requirements of Section 2036(a)(1) that this interest in land be includible in the gross estate of Mrs. Garrard. The ten-dollar consideration recited in the deed of conveyance is of course insufficient when considered with the other evidence to meet the requirement of Section 2036(a) of "adequate and full consideration."

Section 2036(a)(1) would be emasculated if not applied in favor of the government in the present case, for the very purpose of the section is to prevent a mere formal transfer from removing property from a donor's estate, for purposes of escaping estate taxation, where the donor retains possession and enjoyment of, and the income from, "donated" property. The evidence in this case shows that the donee did not in any way possess or enjoy the interest in the property until after her mother's death. To say that she could have received such rights of possession and enjoyment had she asked for them (and the evidence shows that had she so requested her mother would have agreed) does not change the facts as they existed (Mc-Nichol's Estate v. C. I. R., 265 F.2d 667 (3d Cir. 1959), cert. denied, 361 U.S. 829, 80 S.Ct. 78, 4 L.Ed.2d 71 (1959); Guynn v. United States, 437 F.2d 1148, 1150 (4th Cir. 1971)), and these facts are all contrary to the taxpayer's position in this case.